IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS WILLIAM ROACH, | ) | |
| Petitioner, | ) | Civil Action No. 13-251 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| NANCY GIROUX, et al., | ) | |
| Respondents. | ) | |

# OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Louis William Roach pursuant to 28 U.S.C. § 2254. [ECF No. 1]. He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of McKean County on May 8, 1992. Respondents have filed a motion to dismiss in which they assert that Petitioner's claims are untimely. [ECF No. 13]. For the reasons set forth below, the motion to dismiss is granted, the petition for a writ of habeas corpus is dismissed with prejudice, and a certificate of appealability is denied.

## I.

### A. Relevant Background

In March of 1991, Petitioner stabbed and killed a woman while she was working as a convenience store clerk. On May 8, 1992, he appeared before the Court of Common Pleas of McKean County (the "trial court") and pleaded guilty to first degree murder in exchange for concessions from the Commonwealth. On that same date, the trial court sentenced him to a term of life imprisonment. See Commonwealth v. Roach, No. 148 WDA 2006, slip op. at 1 (Pa. Super. Aug. 8, 2006) (attached to Respondents' motion to dismiss at ECF No. 13-1 at 1-10).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Petitioner subsequently filed a motion to withdraw his guilty plea. On November 12, 1992, the trial court conducted an evidentiary hearing on the motion and denied it. Petitioner filed a timely notice of appeal and new counsel was appointed to represent him. However, that appeal was discontinued by praecipe. It is not clear when that occurred, but it appears to have been sometime in January of 1994. Id. at 2. The precise date is not important to the resolution of this case. A prisoner's judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review, Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000), and it is undisputed that Petitioner's judgment of sentence became final prior to April 24, 1996, which is the relevant date for reasons discussed below.

In the meantime, in April of 1993, Petitioner filed with the trial court a motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. He asserted claims of ineffective assistance of counsel and once again requested leave to withdraw his guilty plea. After considerable delay, the trial court appointed new counsel to represent Petitioner and counsel filed an amended PCRA motion. The trial court held a hearing on Petitioner's PCRA claims on March 2, 2001. Petitioner "presented his own testimony relative to alleged coercion by his [trial] counsel which he claimed caused him to enter a guilty plea. The Commonwealth presented contrary testimony by [Petitioner's] counsel of record at the time of the plea as well as the prosecuting district attorney." Id. at 3-4.

On June 18, 2001, the trial court issued an order in which it denied Petitioner's request for PCRA relief and:

> [i]n an accompanying opinion, the trial court explained that the March 2001 hearing merely repeated the evidence presented at the November 1992 hearing on the same issue, and it incorporated its reasoning as stated at that November 1992 hearing. Trial Court Opinion, 6/18/01, at 4-5. Specifically, the trial court had reviewed [Petitioner's] written and oral guilty plea colloquies from the May 8, 1992 hearing and determined his plea was knowingly and voluntarily entered. N.T. Hearing, 11/12/92, at 60. It also found that [Petitioner] was not denied effective assistance of counsel in the investigation and

2

preparation of his case, in the plea itself, and in the attorney-client communications. Id. at 61-63.

Id. at 4.

Petitioner, through counsel, filed a timely notice of appeal from the trial court's decision to deny PCRA relief. On August 18, 2006, the Superior Court of Pennsylvania issued a Memorandum in which it affirmed the trial court's order, holding:

> [W]e find [Petitioner's] underlying claim cannot form the basis for post-conviction relief merely because he couches it in terms of ineffective assistance of counsel. As set forth above, the validity of [Petitioner's] guilty plea was considered by the trial court in a post-sentence motion, and its ruling thereon became final upon discontinuance of the appeal from that November 12, 1992 order. Because the standard for permitting withdrawal of a guilty plea is the same in the ineffectiveness context, [Commonwealth v. Morrison, 878 A.2d 102 (Pa. Super. 2005)], [Petitioner] cannot obtain review of the identical issue simply by phrasing it as one involving ineffective assistance of counsel. Furthermore, we find that the trial court's analysis of the evidence of the validity of the plea is wholly supported by the record, and we perceive no error in its conclusion that [Petitioner's] guilty plea was not the result of any action or inaction on the part of his counsel and did not amount to manifest injustice. See Trial Court Opinion, 6/18/01, at 4-5; N.T. Hearing, 11/12/92 at 60-63. [Petitioner's] argument rests on rejection of the trial court's credibility determinations, which we may not disturb. Commonwealth v. Williams, 581 Pa. 57, 83, 863 A.2d 505, 521 (2004). Accordingly, we conclude [Petitioner] is not entitled to any relief.

Id. at 9-10.

Petitioner filed a petition for allowance of appeal ("PAA") with the Supreme Court of Pennsylvania, which was denied on January 17, 2007. See Appeal Docket Sheet for Commonwealth v. Roach, No. 148 WDA 2006 (Pa. Super.) (attached to Respondents' motion to dismiss at ECF No. 13-2 at 3).

Many years later, on July 30, 2013, Petitioner filed the instant petition for a writ of habeas corpus. [ECF No. 1 at 22]. He raises two claims: (1) "his guilty plea was not tendered knowingly, intelligently and voluntarily which makes his conviction and sentence illegal"; and, (2) his trial counsel

3

was ineffective for failing to make an effort to defend him, thereby leaving Petitioner with no choice but to plead guilty. [ECF No. 1 at 5, 7].

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondents have filed a motion to dismiss in which they contend that Petitioner's claims must be dismissed because they are untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 13]. Petitioner did not file a reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply ... within 30 days of the date the respondent files its Answer."). However, in his petition he contends that AEDPA's statute of limitations does not apply to him since his judgment of sentence became final before AEDPA's effective date of April 24, 1996. [ECF No. 1 at 13].

**B.** **Discussion**

With the enactment of AEDPA, Congress amended the federal habeas corpus laws and imposed a new, one-year limitations period applicable to state prisoners, which is codified at 28 U.S.C. § 2254(d) and which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's contention that AEDPA's statute of limitations does not apply to him must be rejected. The U.S. Court of Appeals for the Third Circuit has held that prisoners in Petitioner circumstance, whose judgment of sentence became final before AEDPA's effective date of April 24, 1996, had one year from that effective date to file a federal habeas corpus petition challenging his judgment of sentence. See, e.g., Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Since Petitioner's PCRA petition was pending on April 24, 1996, AEDPA's limitations period was immediately statutorily tolled pursuant to § 2254(d)(2) and it remained tolled during the remainder of Petitioner's PCRA proceeding, which concluded on January 17, 2007 (the date the Supreme Court of Pennsylvania denied the PAA). Lawrence v. Florida, 549 U.S. 327 (2007); Swartz, 204 F.3d at 419-21. Accordingly, Petitioner had one year from that date – until on or around January 17, 2008 – to file a timely federal habeas corpus petition. He did not initiate

5

this proceeding until, at the very earliest, July 30, 2013. Therefore, his claims are untimely by more than 5 ½ years and must be dismissed with prejudice for that reason.[2]

## C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether Petitioner's claims should be dismissed as untimely. Accordingly, a certificate of appealability shall be denied.

---

[2] The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to *equitable tolling* in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (emphasis added). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Petitioner does not argue that equitable tolling applies to this case.

## II.

For the reasons set forth above, the motion to dismiss is granted, the petition for a writ of habeas corpus is dismissed because Petitioner's claims are untimely, and a certificate of appealability is denied. An appropriate Order follows.

Dated: May 22, 2014

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOUIS WILLIAM ROACH,
    Petitioner,

v.

NANCY GIROUX, et al.,
    Respondents.

Civil Action No. 13-251 Erie

Magistrate Judge Susan Paradise Baxter

## **ORDER**

AND NOW, this 22nd day of **May, 2014**;

IT IS HEREBY ORDERED that the motion to dismiss [ECF No. 13] is GRANTED, the petition for a writ of habeas corpus is DISMISSED with prejudice because Petitioner's claims are untimely, and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge